## MUNGER *v.* MUNGER.

Where a daughter, after arriving at the age of twenty-one years, continues to live, labor and render service in her father's family, with his knowledge and consent, but without any agreement or understanding that she is to be paid for her services, the law raises no presumption of a promise by the father, so as to enable her to maintain an action to recover compensation for her services.

Where the relation of parent and child exists the law will not presume any other.

In order to establish the existence of the inferior relation of master and servant, or debtor and creditor, between a parent and child at any given period, there must be proof, more or less strong, but sufficient to carry conviction, that the parties understood the inferior relation to subsist between them at the time, and acted with reference to it.

ASSUMPSIT, for the labor and services of the plaintiff from March 1, 1851, to March 1, 1854. At the August term, 1855, of the common pleas for this county, the action was referred to a commissioner, who, at the February term, 1856, reported as follows :

" 1. That the plaintiff, who is the daughter of the defendant, and was on the 1st day of March, A. D. 1851, more than twenty-one years of age, lived, labored, and rendered services in the family of the defendant, with his knowledge and consent, from the 1st day of March, A. D. 1851, to the 1st day of March, A. D. 1854.

2. If the plaintiff is entitled to recover on the foregoing facts, I find that the services of the plaintiff were worth to the defendant the sum of one hundred and fifty-six dollars, and I assess damages in the sum of one hundred and fifty-six dollars."

Thereupon, the questions arising upon the commissioner's report were transferred and assigned to the determination of this court.

*Geo. Ticknor,* for the plaintiff.

*Snow* and *Williamson,* for the defendant.

FOWLER, J. The fact that a child continues to live with a parent after becoming of age, or returns to live with him, after being for a time absent, and becomes one of the family, does not ordinarily constitute the relation of debtor and creditor between them, so as to warrant a charge on the part of the parent for the board of the child, or on the part of the child for such services as are usually performed in a family by a child living with its parent. In such case, it is incumbent on the child to show that the services which are the foundation of the claim were rendered with an expectation on the part of the child of receiving compensation therefor, and that this expectation was understood by the parent at the time the services were rendered, or that he had sufficient reason at the time to believe that the child expected to make him a debtor for such services. *Fitch* v. *Peckham, Ex'r,* 16 Vt. 156.

A child of full age, working for his parents without a stipulation for wages, cannot recover them by a suit. *Willis* v. *Dun,* Wright 134.

A child is not entitled to recover wages for services rendered for his parent, except upon clear and unequivocal proof, leaving no doubt that, at the time of the services rendered, the relation subsisting between the parties was not that of parent and child, but of master and servant. *Candor's Appeal,* 5 Watts & Serg. 513.

Where a son, after his majority, continues to remain with his father, and renders such services as he was accustomed to render before he became of age, but without any agreement on the part of the father to pay for them, the law implies no obligation on him to pay for such services. *Reser* v. *Johnson*, 1 Smith (Md.) 81.

A son who works for his father after he is of age, does not thereby acquire a right of action against the father, unless the father has previously agreed to pay him for such work. *Zerbe* v. *Miller*, 4 Harris (16 Pa. State,) 488.

Where a daughter, who was of age, remained in her father's family as housekeeper for four years after her mother's death, and her father, after the daughter's marriage, said to third persons that " she had never been paid," and that " he meant to give her an outfit," but there was no evidence of a special contract before or during the service, it was held, in the absence of all proof of a contract, that it was to be presumed that the daughter had remained an unemancipated child, and therefore not entitled to wages, and that the declarations of the father, as they referred to no precedent debt, nor period of service, did not amount to a promise to pay on an implied contract. *Ridgway* v. *English*, 2 New-Jersey 409.

Such is believed to be the uniform current of authority on the only question involved in this case, and the decisions settle it decisively against the right of the plaintiff to recover. They seem to be all based upon the principle, believed to be equally sound and salutary, that where the relation of parent and child is shown to exist, the law will not presume any other ; that in order to establish the existence of the inferior relation of master and servant, or debtor and creditor, between a parent and child, at any given period, there must be proof, more or less strong, but sufficient to carry conviction, that the parties understood the inferior relation to subsist between them at the time, and acted with reference to it. Nothing of that kind is shown in the present case. The report of the commissioner finds simply that the plaintiff lived, labored and rendered services in the family of the

defendant, her father, from March 1, 1851, to March 1, 1854, a period of three years, with the knowledge and assent of the father, the plaintiff during the whole period being more than twenty-one years of age. It fails to find any contract of service between the parties, any expectation at the time on the part of the plaintiff that she should receive compensation for her services, or any agreement of the father, express or implied, to render such compensation.

Under these circumstances, it is very clear that the plaintiff cannot maintain her action, and there must be

*Judgment for the defendant on the report.*